**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 03 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **20 CR 588** |
| | ) | |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Section 1343 |
| ZVI FEINER and | ) | |
| EREZ BAVER | ) | Under Seal |

**JUDGE PACOLD**

**MAGISTRATE JUDGE HARJANI**

### COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

1. At times material to this Indictment:

    a. FNR Healthcare LLC ("FNR Healthcare") was an Illinois limited liability company whose principal place of business was in Chicago, Skokie, or Evanston, Illinois.

    b. Defendant ZVI FEINER was the owner and Chief Executive Officer of FNR Healthcare and resided in Chicago, Illinois.

    c. Defendant EREZ BAVER was the Executive Vice President and bookkeeper for FNR Healthcare and resided in Chicago, Illinois.

    d. FEINER and BAVER operated a healthcare investment business under the auspices of FNR Healthcare.

    e. FEINER created numerous individual limited liability companies under the FNR Healthcare umbrella, including FNR Akron LLC, FNR Champaign LLC, FNR Decatur LLC, FNR Lakeview LLC, FNR Morris LLC, FNR Mountain Crest LLC, FNR Norridge LLC, FNR NVP LLC, FNR SH Healthcare LLC, FNR

South Holland LLC, FNR Vermilion LLC, FNR Westlake LLC, FNR Winfield LLC, FNR Woodview LLC, and FNR Rosewood LLC ("the LLCs"), each of which was created as an investment vehicle to acquire and manage one or more specific healthcare facilities, primarily either assisted living facilities or nursing homes. The facilities generally were managed by outside operating companies.

  f. FEINER solicited individuals, including individuals residing in the Northern District of Illinois, to provide investment capital for the acquisition of specific healthcare facilities by purchasing membership interests in one or more of the LLCs.

  g. The terms of each investor's membership interest were set forth in an operating agreement for each LLC that FEINER sent and caused to be sent to each investor. Each operating agreement represented, among other things, that:

    i. the investor would receive investment proceeds, including quarterly distributions of the net income generated by the facility, on a pro rata basis based on the investor's membership percentage and capital contribution;

    ii. upon the sale of the facility, following the discharge of the LLC's debts and liabilities, the investor was entitled to the repayment of the balance of the investor's capital contribution, plus any additional profit on a pro rata basis based on the investor's membership interest;

    iii. FEINER had made his own personal capital contribution and held a membership interest of his own;

    iv. FEINER had exclusive authority to manage and operate

2

the LLC; and

    v.    FEINER was prohibited from receiving compensation beyond his share of the LLC's net proceeds.

2. Beginning no later than in or around 2012 and continuing until in or around 2017, at Chicago, Skokie, and Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER and
EREZ BAVER,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that FEINER and BAVER made materially false and fraudulent representations to investors to induce their purchase of membership interests in the LLCs, and intentionally misled and made materially false and fraudulent representations to investors about the financial condition and ownership status of the LLCs in order to obtain and retain funds contributed by investors to the LLCs and to misappropriate investment proceeds, including proceeds from the sale of the LLCs, to which investors were entitled under the terms of the LLCs' operating agreements.

4. It was further part of the scheme that FEINER and BAVER solicited and obtained investor funds, in part, by making false and fraudulent representations to investors regarding the profitability, performance, and condition of the healthcare

facilities.

5. It was further part of the scheme that FEINER solicited and obtained investor funds, in part, by falsely and fraudulently representing to investors that FEINER had invested his own personal funds in the LLCs when FEINER knew he had not invested his own personal funds.

6. It was further part of the scheme that FEINER and BAVER falsely and fraudulently represented to investors the ownership percentage individual investors acquired in the LLCs in exchange for their capital contributions.

7. It was further part of the scheme that FEINER falsely and fraudulently represented to investors that the amount of capital required to purchase healthcare facilities was higher than the amount actually needed, knowingly causing the LLCs to be oversubscribed.

8. It was further part of the scheme that, after purchasing healthcare facilities for the oversubscribed LLCs, FEINER and BAVER used the excess capital funds contributed by investors without investors' knowledge for purposes unrelated to the acquisition of the healthcare facilities, including to make Ponzi-type payments to investors in other LLCs, to make interest and principal payments on loans and mortgages related to other LLCs and entities, to fund the acquisition of new facilities, and for defendants' own use and benefit.

9. It was further part of the scheme that, once the acquired healthcare facilities were operational, FEINER and BAVER routinely misappropriated investor funds by failing to distribute to investors their shares of the LLC's investment

proceeds and instead fraudulently diverted such funds to other facilities and entities controlled by FEINER and for defendants' own use and benefit.

10. It was further part of the scheme that, in order to fraudulently conceal their misappropriation of investor funds, FEINER and BAVER used funds obtained from other sources, including funds obtained from other investors and loans from third parties, to make payments to investors to make it appear to investors as if the LLC was profitable and generating expected quarterly distributions when, as FEINER and BAVER knew, the LLC's facility was underperforming, operating at a loss, had gone into default, and/or its income stream had otherwise been fraudulently diverted by defendants.

11. It was further part of the scheme that FEINER and BAVER routinely caused LLCs' facilities to be sold without the investors' knowledge and then misappropriated the sales proceeds to which investors were entitled under the LLCs' operating agreements. In order to fraudulently conceal these sales and their misappropriation of sales proceeds, FEINER and BAVER continued for months after the LLCs' facilities had been sold to make purported distribution payments to investors and to provide investors with fraudulent Schedule K-1 tax documents falsely reflecting the purported distributions and income paid to investors by the LLC.

12. It was further part of the scheme that FEINER and BAVER misrepresented, concealed, and hid and caused to be misrepresented, concealed, and hidden, the existence, purposes, and acts done in furtherance of the scheme.

13. As a result of the scheme, FEINER and BAVER caused at least 75 victims to suffer losses of at least approximately $22,781,096.

14. On or about September 4, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ZVI FEINER and
> EREZ BAVER,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $779,458 through the Federal Reserve System from the account of Madison Title Agency LLC at Capital One Bank, N.A., to the account of FNR Healthcare LLC at MB Financial Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about September 8, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $50,000 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to the account of Wi-Fi Pepper Pike LLC at First Midwest Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about January 27, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $15,000 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to the account of FNR Champaign LLC at Brickyard Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about April 21, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $114,500 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to an account in the name of FNR South Holland LLC at Bank Leumi USA;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about April 28, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $15,000 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to an account in the name of FNR Lakeview LLC at Brickyard Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about September 30, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

## ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $3,617,163 through the Federal Reserve System from the account of Riverside Abstract LLC at Signature Bank to the account of FNR Healthcare LLC at MB Financial Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about October 5, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $340,836 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to the account of Individual A and Individual B Family Trust at Brickyard Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT EIGHT

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about October 14, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $21,000 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to the account of FNR Lakeview LLC at Brickyard Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about October 14, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $17,000 through the Federal Reserve System from the account of FNR Healthcare LLC at MB Financial Bank to the account of FNR Champaign LLC at Brickyard Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One are incorporated here.

2. On or about January 13, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ZVI FEINER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate email sent electronically by FEINER in Illinois, to an investor, through a Google Gmail server located outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendants FEINER and BAVER shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to:

   a. A personal money judgment as to FEINER in the amount of approximately $13,560,000;

   b. A personal money judgment as to BAVER in the amount of approximately $3,760,000.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY